The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES McNELIS.,

         Plaintiff,

   v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

         Defendant.

Case No. C19-01590-RAJ

**ORDER GRANTING MOTIONS TO SEAL**

     This matter comes before the Court on the parties' stipulated motions to seal. Dkt. ## 38, 41. "There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

     Under LCR 5(g), whichever party designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g).

ORDER – 1

Plaintiff filed several documents, designated by Prudential as "Confidential," in support of his opposition to Prudential's cross-motion for summary judgment. Prudential argues that there are "compelling reasons" to keep these documents under seal because they contain confidential third-party tax information as well as information regarding Prudential's contracts with third-party vendors that could be used by business competitors. Plaintiff objects to Prudential's request to keep the documents under seal.

Here, Prudential has demonstrated compelling reasons to keep this confidential information under seal. *Kamakana v. Cty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court has reviewed the documents and finds that they contain proprietary and confidential business information. *See Moussouris v. Microsoft Corp.*, No. 15-cv-1483 JLR, 2018 WL 2124162, at *2 (W.D. Wash. Apr. 24, 2018); *Watts v. Metro. Life Ins. Co.*, No. 09-829, 2010 WL 11508844, at *2-4 (S.D. Cal. Oct. 7, 2010). Additionally, the Court agrees that Prudential's interest in protecting its confidential business information outweighs the right of public access. *Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 12641056, at *1 (W.D. Wash. Apr. 11, 2014). Accordingly, the Court will permit these documents to remain under seal. However, Plaintiff must also file redacted copies of each of the exhibits on the public record.

For the foregoing reasons, the parties' stipulated motions to seal are **GRANTED**. Dkt. ## 38, 41.

DATED this 9th day of April, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2