HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES McNELIS,

    Plaintiff,

  v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

Case No. 2:19-cv-01590-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Quash and for a Protective Order. Dkt. # 29. For the reasons below, the motion is **DENIED**.

## II. BACKGROUND

Plaintiff James McNelis ("Plaintiff") brought this action against Defendant The Prudential Insurance Company of America's ("Defendant" or "Prudential") alleging two claims under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"): (1) Plaintiff seeks a declaration from the Court that he is disabled and thereby entitled to long term disability ("LTD") benefits under an ERISA-governed employee benefit plan and an order directing Prudential to pay those benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); and (2) Plaintiff alleges that Prudential breached its fiduciary

ORDER – 1

1
2
3
4
5
6   duties towards him and requests equitable relief to redress those violations and enjoin Prudential from further violating its duties pursuant to 29 U.S.C. § 1132(a)(3). Dkt. # 4 at 1-2. Plaintiff filed a motion for judgment pursuant to Federal Rule of Civil Procedure 52 on his first claim, Dkt. # 26, and has pursued discovery beyond the administrative record on the second claim, requesting depositions from Michael Larmi, a Prudential Appeals Specialist, and Dr. Kevin Hayes, a Prudential physician. Dkt. # 31-1 at 2.

7
8
9
10
11
12   Defendant now moves the Court to quash subpoenas issued for Dr. Hayes and Mr. Larmi and for a protective order to preclude Plaintiff from taking their depositions. Dkt. # 29 at 1. Defendant argues that Plaintiff's second claim for equitable relief under § 1132(a)(3) is duplicative of his first claim under § 1132(a)(1)(B), and, as such, Plaintiff has "no basis to expand discovery beyond the usual limitations of an LTD benefits case under ERISA." Dkt. # 29 at 2.

### III.  DISCUSSION

13
14
15
16
17
18
19
20   Pursuant to 29 U.S.C. § 1132(a)(1)(B), a beneficiary may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Under 29 U.S.C. § 1132(a)(3), a beneficiary may bring a civil action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

21
22
23
24
25
26
27   While discovery in § 1132(a)(1)(B) claims is typically limited to the administrative record, it is not similarly constrained in § 1132(a)(3) claims. *Jensen v. Solvay Chemicals, Inc.*, 520 F. Supp. 2d 1349, 1355 (D. Wyo. 2007). For claims arising under § 1132(a)(3), discovery reverts "into the traditional realm and is governed under traditional federal, circuit, and local procedure." *Id.* at 356. Rule 26(c) of the Federal Rules of Civil Procedure permits a court, on a showing of good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment,

28   ORDER – 2

oppression, or undue burden or expense." Fed. R. Civ. P. 26.  The party opposing discovery and seeking a protective order carries a "heavy burden of showing why discovery [should be] denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

This Court has ruled that a plaintiff is not barred from seeking different remedies under § 1132(a)(3) and§ 1132(a)(1)(B).  *See Hancock v. Aetna Life Ins. Co.*, 251 F. Supp. 3d 1363, 1371-72 (W.D. Wash. 2017) ("[Plaintiff] is not precluded from bringing a Section 1132(a)(3) claim simply because she also brings a Section 1132(a)(1)(B) claim . . . ."); *see also Zisk v. Gannett Co. Income Prot. Plan*, 73 F. Supp. 3d 1115, 1118 (N.D. Cal. 2014) ("Courts of this district have found that (a)(3) claims remain viable even when an (a)(1)(B) claim is asserted, particularly where the relief sought in connection with each claim is distinct.").  A plaintiff is, however, precluded from seeking duplicative relief in an ERISA action.  *See* 251 F. Supp. 3d at 1369.

Here, Plaintiff distinguishes the equitable relief he is seeking under § 1132(a)(3) to "redress Prudential's breach of its fiduciary duties" from the declaratory and compensatory relief he seeks under § 1132(a)(1)(B).  Dkt # 31 at 5.   Plaintiff's equitable remedies sought include but are not limited to the following:

> A.  surcharge, to put Mr. McNelis in the position he would have attained but for Prudential's breach of its fiduciary duties;
> …
> D.  an injunction directing Prudential to establish administrative processes and safeguards to ensure and verify appropriately consistent decision making; and
> E.  an injunction directing Prudential to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making;
>
> Dkt. # 4 at 40.

These remedies are not available under § 1132(a)(1)(B), which provides only for recovery of benefits due under the terms of a plan, enforcement of rights under the terms

ORDER – 3

of the plan, or clarity on rights to future benefits.  The remedies sought in Plaintiff's two claims are not, therefore, duplicative.  Plaintiff's second claim for equitable relief under § 1132(a)(3) is thereby not limited by ERISA discovery rules, but rather governed by the traditional rules of discovery.  Because Defendant fails to show good cause for a protective order limiting discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" the Court finds no justification to quash the subpoenas issued to Dr. Kevin Hays and Michael Larmi or to preclude Plaintiff from pursuing these and other relevant depositions.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to quash subpoenas for depositions in this case.  The Court also **DENIES** Defendant's request for a protective order precluding Plaintiff from taking depositions.

DATED this 26th day of August, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4